IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICO DARKS,

    Petitioner,

v.

TIMOTHY BRUNSMAN, Warden,

    Respondent.

CASE NO. 2:08-CV-00043
JUDGE SMITH
MAGISTRATE JUDGE KING

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's motion to dismiss, petitioner's response, and the exhibits of the parties. For the reasons that follow, it is recommended that respondent's motion to dismiss be **DENIED** and that respondent be **DIRECTED** to file a response to the petition that complies with Rule 5 of the Rules governing Section 2254 Cases in the United States District Courts within thirty (30) days.

## PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the procedural history of this case as follows:

> In three separate cases, defendant was indicted for multiple crimes. He eventually pled guilty to one count of attempted murder with a gun specification, one count of first-degree misdemeanor cocaine possession, and one count of second-degree felony cocaine possession. The trial court sentenced defendant to six months for the misdemeanor cocaine possession, eight years, plus three years, for the attempted

murder and the gun specification, and six years for the second-degree felony cocaine possession. The trial court ordered defendant to serve the six-year sentence on the conviction for cocaine possession consecutively to the 11 years imposed on the attempted murder conviction.

*State v. Darks*, 2006 WL 1703731 (Ohio App. 10th Dist. June 22, 2006). Represented by new counsel in a consolidated appeal, petitioner raised the following assignments of error:

> 1. The trial court erred in accepting a plea of guilty to attempted murder when the criminal defendant asserted his innocence of the charge.
>
> 2. The trial court erred in failing to set aside the guilty plea to attempted murder when the criminal defendant continued to assert his innocence up to and beyond the time of sentencing.
>
> 3. The trial court erred in giving consecutive sentences in Case No. 04CR03-1481 and 05CR05-2912.

*See id.* On June 22, 2006, the appellate court affirmed the trial court's judgments. *Id.* Petitioner apparently never appealed to the Ohio Supreme Court. On September 7, 2006, however, petitioner filed a *pro se* application to reopen his appeal pursuant to Ohio Appellate Rule 26(B). He asserted as follows:

> Appellate counsel renders constitutionally ineffective assistance of counsel where he failed to recognize, argue, and brief on appeal that appellant's sentence is void where the trial court made judicial factfindings that prevented appellant from receiving the minimum sentence contrary to his Sixth and Fourteenth Amendment rights.

*See Exhibit 25 to Motion to Dismiss*. On January 30, 2007, the appellate court denied petitioner's Rule 26(B) application. *Id.* On June 6, 2007, the Ohio Supreme Court denied petitioner's subsequent appeal. *State v. Darks*, 114 Ohio St.3d 1413 (2007); *Exhibit 29 to*

*Motion to Dismiss*.

On January 15, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner was deprived of effective counsel at the plea and sentencing proceedings.
>
> Trial counsel failed to raise any objection to the imposition of an unlawful sentence that exceeded the statutory maximum sentence in the absence of jurisdiction for the court to do so.
>
> 2. Petitioner was deprived of effective assistance of counsel on direct appeal.
>
> Appointed appellate counsel failed to raise dead-bang winner assignments of error regarding unlawful sentence imposed upon petitioner in the absence of subject matter jurisdiction to exceed the statutory maximum based upon judicial fact finding of uncharged essential elements necessary to do so, prejudicing the outcome of appeal.
>
> 3. Petitioner was deprived of due process of law by the imposition of a sentence that exceeds the statutory maximum based upon judicial fact finding of uncharged essential elements necessary to do so.

It is the position of the respondent that the Court should dismiss this action without prejudice as unexhausted.

## EXHAUSTION

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law

to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). But where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary. *Keener v. Ridenour,* 594 F.2d 581, 584 (6th Cir.1979). A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees,* 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

Respondent contends that the Court should dismiss this action as unexhausted because petitioner did not appeal the June 22, 2006, decision denying his direct appeal, and he may still do so pursuant to Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a). The Court rejects respondent's reasoning because petitioner is not raising in these habeas corpus proceedings any of the issues that he presented on direct appeal. *See Petitioner's Memorandum in Response*, Doc. No. 10. Rather, petitioner asserts in this action the ineffective assistance of trial and appellate counsel, and improper imposition of maximum sentences. *See Id.; Petition.* Petitioner asserted on direct appeal that the trial court improperly imposed consecutive sentences, a claim that petitioner appears to have now abandoned. *See id.* Therefore, while it appears that habeas corpus claims one and three, in which petitioner asserts the ineffective assistance of trial counsel and improper imposition of maximum terms of incarceration, may be procedurally defaulted, (because

4

these claims rely on matters readily apparent from the face of the record and therefore should have been raised on direct appeal), these claims are not unexhausted. The Ohio Supreme Court does not ordinarily consider claims not raised in the appellate court below. *See Mitts v. Bagley*, 2005 WL 2416929 (N.D.Ohio September 29, 2005) (habeas petitioner's failure to raise a claim in the Ohio Court of Appeals precludes review by the Supreme Court of Ohio), citing *Fornash v. Marshall,* 686 F.2d 1179, 1185 n. 7 (6th Cir. 1982)(citing *State v. Phillips,* 27 Ohio St.2d 294, 302 (1971)). Consequently, dismissing this action as unexhausted would be futile because a motion for delayed appeal to the Supreme Court of Ohio would not exhaust claims that petitioner failed to raise in the appellate court below.

It is therefore **RECOMMENDED** that respondent's motion to dismiss, Doc. No. 9, be **DENIED** and that respondent be **DIRECTED** to file a response to the petition which complies with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within thirty (30) days.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and*

5

*Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. See *Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

December 11, 2008  *s/Norah McCann King*
Norah McCann King
United States Magistrate Judge