IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RICO L. DARKS,

        Petitioner,

                        CASE NO. 2:08-CV-00043
v.                         JUDGE SMITH
                        MAGISTRATE JUDGE KING

TIMOTHY BRUNSMAN, Warden,

        Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, Doc. No. 14,[1] petitioner's traverse, Doc. No. 15, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

## PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the procedural history of this case as follows:

> In three separate cases, defendant was indicted for multiple crimes. He eventually pled guilty to one count of attempted murder with a gun specification, one count of first-degree misdemeanor cocaine possession, and one count of second-degree felony cocaine possession. The trial court

---

[1] Respondent's motion to dismiss the action as unexhausted, Doc. No. 9, was denied. *Opinion and Order,* Doc. No. 13.

sentenced defendant to six months for the misdemeanor cocaine possession, eight years, plus three years, for the attempted murder and the gun specification, and six years for the second-degree felony cocaine possession. The trial court ordered defendant to serve the six-year sentence on the conviction for cocaine possession consecutively to the 11 years imposed on the attempted murder conviction.

*State v. Darks*, 2006 WL 1703731 (Ohio App. 10th Dist. June 22, 2006). Petitioner raised the following assignments of error in his consolidated appeal:

> 1. The trial court erred in accepting a plea of guilty to attempted murder when the criminal defendant asserted his innocence of the charge.
>
> 2. The trial court erred in failing to set aside the guilty plea to attempted murder when the criminal defendant continued to assert his innocence up to and beyond the time of sentencing.
>
> 3. The trial court erred in giving consecutive sentences in Case No. 04CR03-1481 and 05CR05-2912.

*See id.* On June 22, 2006, the appellate court affirmed the trial court's judgment. *Id.* Petitioner apparently never filed an appeal of that decision to the Ohio Supreme Court. On September 7, 2006, he filed a *pro se* application to reopen his appeal pursuant to Ohio Appellate Rule 26(B). He asserted as follows:

> Appellate counsel renders constitutionally ineffective assistance of counsel where he failed to recognize, argue, and brief on appeal that appellant's sentence is void where the trial court made judicial factfindings that prevented appellant from receiving the minimum sentence contrary to his Sixth and Fourteenth Amendment rights.

*See Exhibit 25 to Motion to Dismiss.* On January 30, 2007, the appellate court denied

petitioner's Rule 26(B) application. *Id.* On June 6, 2007, the Ohio Supreme Court dismissed petitioner's subsequent appeal. *State v. Darks,* 114 Ohio St.3d 1413, 867 N.E.2d 846 (2007); *Exhibit 29 to Motion to Dismiss.*

On January 15, 2008, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner was deprived of effective counsel at the plea and sentencing proceedings.
>
> Trial counsel failed to raise any objection to the imposition of an unlawful sentence that exceeded the statutory maximum sentence in the absence of jurisdiction for the court to do so.
>
> 2. Petitioner was deprived of effective assistance of counsel on direct appeal.
>
> Appointed appellate counsel failed to raise dead-bang winner assignments of error regarding unlawful sentence imposed upon petitioner in the absence of subject matter jurisdiction to exceed the statutory maximum based upon judicial fact finding of uncharged essential elements necessary to do so, prejudicing the outcome of appeal.
>
> 3. Petitioner was deprived of due process of law by the imposition of a sentence that exceeds the statutory maximum based upon judicial fact finding of uncharged essential elements necessary to do so.

It is the position of the respondent that petitioner's claims are procedurally defaulted or without merit.

## PROCEDURAL DEFAULT

Respondent contends that petitioner has waived claims one and three by failing to present those claims, which appear on the record, on direct appeal. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. §2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6 (1982) *(per curiam)*; *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 447 U.S. 478, 485 (1986); *Engle v. Issac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and

4

independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir. 1985).

In claim one, petitioner asserts that he was denied the effective assistance of trial counsel because his attorney failed to object to the trial court's imposition of more than the statutory minimum sentence based on judicial fact finding in violation of *Blakely v. Washington*, 542 U.S. 296 (2004). In claim three, petitioner asserts that his sentence violated *Blakely*.[2] These claims, being readily apparent from the face of the record, should have been raised on direct appeal, but were not. Petitioner may now no longer present such claims to the state courts under Ohio's doctrine of *res judicata*. *See State v. Cole*, 2 Ohio St.3d 112 (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967). The state courts were never given an opportunity to enforce the procedural rule due to the nature of petitioner's procedural default. This Court deems the first and second parts of the *Maupin* test to have been satisfied.

---

[2] Petitioner actually alleges that imposition "of a sentence that exceeds the statutory maximum based upon judicial fact finding" was constitutionally impermissible. *See Petition*. The Court presumes that petitioner's reference to "maximum," rather than "minimum" is a typographical error.

5

This Court must also decide whether the procedural rules at issue constitute adequate and independent bases upon which to foreclose review of petitioner's federal constitutional claims. This task requires the Court to balance the state's interests behind each procedural rule against the federal interest in reviewing federal claims. *See Maupin v. Smith*, 785 F.2d at 138. Under this analysis, the procedural rules barring claims one and three constitute adequate and independent state grounds for denying relief. The state courts must be given a full and fair opportunity to remedy alleged constitutional defects. The requirement that all available claims be presented at the first opportunity serves the state's interests in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. Further, the doctrine of *res judicata* is stated in unmistakable terms in numerous Ohio decisions and Ohio courts have consistently refused to review claims on the merits under that doctrine. *See State v. Cole, supra; State v. Ishmail, supra; State v. Perry, supra*.

Petitioner contends that he fairly presented claims one and three to the state courts by raising such claims in the first instance in his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B). *See Traverse.* This argument is not persuasive. Only claims of ineffective assistance of appellate counsel are properly raised under Ohio's Appellate Rule 26(B). Moreover, a claim of ineffective assistance of appellate counsel was in fact the sole claim raised by petitioner in that proceeding. *See Exhibit 23 to Motion to Dismiss*.

Petitioner has waived his right to present claims one and three for federal habeas review. He can still secure review of these claims on the merits if he demonstrates cause

for his failure to follow the state procedural rules as well as actual prejudice from the constitutional violations that he alleges. As cause for his procedural default, and in claim two of this federal habeas corpus petition, petitioner asserts the ineffective assistance of appellate counsel.

The ineffective assistance of counsel may constitute cause for a procedural default, so long as that claim has been fairly presented to the state courts for resolution and is not itself procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Here, the record reflects that petitioner failed to present to the state courts a claim of ineffective assistance of appellate counsel due to his attorney's failure to raise a claim of ineffective assistance of trial counsel in his Rule 26(B) application. This claim, therefore, cannot establish cause for his procedural default of claim one. *See id.*

However, the state appellate court considered but rejected petitioner's claim of ineffective assistance of appellate counsel due to his attorney's failure to raise on appeal a claim that imposition of more than the minimum statutory term of incarceration violated *Blakely*:

> Defendant contends his appellate counsel was ineffective for failing go challenge the trial court's imposition of a non-minimum sentence based on judicially determined facts in violation of *State v. Foster*, 109 Ohio St.3d 1... *Blakely* and *Apprendi*. Defendant argues that had his appellate counsel challenged his sentence on such basis, his sentence would be void and vacated as a matter of law because before defendant's appeal was submitted, *Foster* found Ohio's non-minimum sentence statute, R.C. 2929.14(B) was unconstitutional.
>
> Prior to defendant's appeal, this court held that a defendant

7

sentenced after *Blakely* "who did not assert a *Blakely* challenge in the trial court waives that challenge and is not entitled to a resentencing hearing based on *Foster*." *State v. Draughon*, Franklin App. No. 05AP-860, 2006-Ohio-2445, ¶7. Defendant was sentenced on August 15, 2005, well after the *Blakely* decision, but defendant failed to raise a *Blakely* challenge in the trial court. Consistent with *Draughon*, even if appellate counsel challenged defendant's sentence pursuant to *Foster, Blakely*, or *Apprendi*, the outcome of the appeal would not have been different because defendant's failure to raise a *Blakely* challenge in the trial court waived his argument on appeal.

As a result, defendant fails to prove he was prejudiced from appellate counsel's failure to challenge his sentence on appeal. Accordingly, defendant's application to reopen his appeal based on the ineffectiveness of appellate counsel is denied[.]

*Exhibit 25 to Return of Writ*. The factual findings of the state appellate court are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. §2254(e)(1). Further, this Court may grant habeas corpus relief only where the state court's decision was contrary to or an unreasonable application of federal law, or resulted in a decision that was based on an unreasonable determination of the facts:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

> A state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or on indistinguishable facts. *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an unreasonable application of federal law when the state court correctly identified the applicable legal principle from Supreme Court precedent, but applied that principle to the facts before it in an unreasonable manner. *Id.* at 413, 120 S.Ct. 1495.

*Maldonado v. Wilson*, 416 F.3d 470, 475 (6th Cir. 2005). Petitioner has failed to meet this standard here.

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th

Cir. 1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.,* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.,* at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland,* 466 U.S. at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776 (1987). Defendants appealing their criminal convictions enjoy the same Sixth Amendment right to the effective assistance of counsel on a direct appeal as of right that they have during trial. While appellate counsel is not expected to raise every nonfrivolous issue on direct appeal, counsel is obligated to provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). As with an ineffective assistance of trial counsel claim, a petitioner must demonstrate that counsel's performance was deficient and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 696; *Sims v. Livesay*, 970 F.2d 1575, 1579-81 (6th Cir. 1992).

The Court of Appeals for the Sixth Circuit has identified the following considerations that ought to be taken into account in determining whether counsel on direct appeal performed reasonably competently:

> a. Were the omitted issues "significant and obvious?"
>
> b. Was there arguably contrary authority on the omitted issues?
>
> c. Were the omitted issues clearly stronger than those presented?
>
> d. Were the omitted issues objected to at trial?
>
> e. Were the trial court's rulings subject to deference on appeal?
>
> f. Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
>
> g. What was appellate counsel's level of experience and expertise?
>
> h. Did the Petitioner and appellate counsel meet and go over possible issues?
>
> i. Is there evidence that counsel reviewed all the facts?
>
> j. Were the omitted issues dealt with in other assignments of error?
>
> k. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir. 1999). This list is not exhaustive and need not produce a certain "score." *Id.* at 428.

The trial court sentenced petitioner on August 15, 2005 -- *i.e.,* well after the Supreme Court's June 24, 2004, decision in *Blakely*. Further, the Ohio Supreme Court issued its decision in *Foster*, striking provisions of Ohio's sentencing statutes that required, *inter alia*,

11

judicial fact finding prior to imposition of more than the minimum term of incarceration as unconstitutional under *Blakely*, on February 27, 2006 -- *i.e.,* during the pendency of petitioner's direct appeal. The Ohio Supreme Court held in *Foster*:

> R.C. 2929.14(B)... states:
>
> "[ *I*] *f the court* imposing a sentence upon an offender for a felony *elects or is required to impose a prison term* on the offender, the *court shall impose the shortest prison term* authorized for the offense pursuant to division (A) of this section [setting forth the basic ranges], *unless one or more of the following* applies:
>
> "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
>
> "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." (Emphasis added.)
>
> Thus, Ohio has a presumptive minimum prison term that must be overcome by at least one of two judicial findings. For someone who has never been to prison before (not necessarily a first-time offender), the court must find that the shortest term will "demean the seriousness" of the crime or will inadequately protect the public; otherwise, the court must find that the offender has already been to prison to impose more than a minimum term. R.C. 2929.14(B)(2).
>
> Under R.C. 2929.14(B), therefore, a court is not authorized to exceed the shortest prison term unless it makes the additional findings. *State v. Edmonson* (1999), 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (findings required, reasons not); *State v. Comer,* 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473 (findings required for first offender). Since a jury verdict alone does not determine the sentence, R.C. 2929.14(B) violates *Blakely* principles.

*State v. Foster, supra*, 109 Ohio St.3d at 19-20.

12

Defense counsel noted at petitioner's sentencing that petitioner was a first time offender who had not previously been incarcerated. *Sentencing Transcript*, at 12. The trial court therefore stated for the record its reasons for the imposition of more than minimum terms of incarceration (six years on petitioner's second degree felony conviction on possession of cocaine, plus a consecutive eight years on the first degree felony conviction on attempted murder, with three years for the firearm specification, for an aggregate seventeen year term)[3] upon making the following findings:

> [T]here's some findings in this matter... I'm just going to make general findings across the board...
>
> Relative to the injury received [sic] upon the victim in 04CR-1481, I'm going to find that there is serious physical, psychological and economic harm. From what I have received in the PSI, there was... over a million dollars in restitution payable to Workers' Compensation for his medicare [sic] and the severity of the surgeries and everything that went on. [I]t's my understanding.... that basically the victim is paralyzed for life.
> ***
>
> And that the shot was in the back and that it's pretty severe. No one deserves that.
>
> The offense was facilitated by the offender's relationship to the victim, although nominally involved here, I think they knew each other, I'm not thoroughly convinced of that issue, that would make things more serious than not. There was a note that [the crime] was committed for hire and as part of organized criminal activity. There was some information in there about possibility of the connection involving drugs, I'm

---

[3] O.R.C. §2929.14(A) provides that a first degree felony is punishable by a prison term of three to ten years, and that a second degree felony is punishable by a prison term of two to eight years. O.R.C. §2929.14(A)(1),(2).

> going to find that is mildly involved here; physical serious harm that was involved making it a more serious offense.
>
> I find that there's no remorse in this matter. In reading through, and even now, you know, it's like I'm just cutting a deal to get out, to get through this thing... I just don't feel that there's any remorse involved at all. He was on bail at the time he committed the offenses, and in 05CR-2912, I particularly note, makes things more serious. And that one is possession of a firearm when you were out on bond for a shooting. I have real problems with that. You know, also, the quantity of drugs involved, I feel that that makes recidivism likely; that there's prior adjudication in your past. Your record is made part of the PSI in this matter. This is reflective of it, that you have never had a positive .... dealings with sanctions....
>
> I'm going to find that, furthermore, that to not have consecutive sentences in this matter would demean the very nature of the offenses. Because of the difference in time, I feel that it would not adequately punish by sentencing him to one.
>
> I also find that due to the nature of the offense that a minimum sentence for the first time felony is not appropriate in this matter. Specifically, the amount of drugs, the shooting in the back, and also the weapon in the second charge. I think they are all indicative making it more serious and not adequate for punishment.

*Sentencing Transcript*, at 15-17.

> Mr. Darks, I just feel that in order to protect the public I would rather take you off the streets. You have done some positive things... but to shoot somebody in the back, get caught with guns, I have to take you off the streets.

*Id.*, at 19.

The record reflects that the trial court justified the imposition of more than the minimum sentence based on facts not admitted by the defendant and in violation of *Blakely*.

As discussed, however, although petitioner was sentenced long after *Blakely*, he failed to raise an objection under *Blakely* at sentencing. The state appellate court therefore rejected petitioner's claim of ineffective assistance of counsel for failing to raise this claim on appeal because the claim would have been reviewed on direct appeal only for plain error. *See State v. Darks, supra,* 2006 WL 1703731 (no plain error for imposition of consecutive sentences based on judicial fact finding);[4] *State v. Draughon, supra*, 2006 WL 1351607 (Ohio

---

[4] The state appellate court concluded that petitioner had failed to demonstrate plain error based upon the trial court's imposition of consecutive sentences:

> Defendant ... asserts that the trial court's imposition of consecutive sentences violated his right to a jury trial under *Blakely v. Washington* (2004), 542 U.S. 296 and *Apprendi v. New Jersey* (2000), 530 U.S. 466. The state responds that because defendant failed to raise any objection regarding sentencing at the trial court, defendant waived any error on appeal absent plain error.
>
> This court recently held that if a defendant is sentenced after *Blakely* was decided and did not raise a *Blakely* challenge in the trial court, the argument is waived on appeal absent plain error. *State v. Draughon,* Franklin App. No. 05AP-860, 2006-Ohio-2445, citing *United States v. Booker* (2005), 543 U.S. 220; *State v. Dudukovich,* Lorain App. No. 05CA008729, 2006-Ohio-1309.
>
> Defendant was sentenced on August 15, 2005, well after the *Blakely* decision, but defendant failed to raise a *Blakely* challenge in the trial court. After the trial court imposed consecutive sentences, it asked defendant's counsel if there were any questions regarding the sentence; counsel replied he had no questions. (Aug. 15, 2005 Tr. 18-19.) Accordingly, consistent with *Draughon,* defendant waived any argument on appeal absent plain error. Plain error exists where, but for the error, the outcome of the case would clearly have been different. *State v. Carson,* Franklin App. No. 05AP-13, 2006-Ohio-2440.
>
> Here, defendant cannot demonstrate plain error because a trial court is no longer required to engage in judicial findings prior to the imposition of consecutive sentences. *State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856; *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855. Trial courts have full discretion to impose a prison sentence within the statutory range. *Foster,* supra. Accordingly, defendant's third assignment of error is overruled.

*State v. Darks, supra*, 2006 WL 1703731.

App. 10th Dist. May 16, 2006)(defendants sentenced after *Blakely* must raise *Blakely* issue at sentencing or waive all but plain error review). The Ohio Supreme Court held in *State v. Payne*, 114 Ohio St.3d 502, 506 (2007), that no plain error occurs where, as here, the state trial court -- acting prior to *Foster* but after *Blakely* -- imposed a sentence in violation of *Blakely* and the defendant failed to preserve the error for review*:*

> [I]f a party forfeits an objection in the trial court, reviewing courts may notice only "[p]lain errors or defects affecting substantial rights." Crim.R. 52(B). Inherent in the rule are three limits placed on reviewing courts for correcting plain error.
>
> "First, there must be an error, *i.e.,* a deviation from the legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * * * Third, the error must have affected 'substantial rights.' We have interpreted this aspect of the rule to mean that the trial court's error must have affected the outcome of the trial." *State v. Barnes* (2002), 94 Ohio St.3d 21, 27, 759 N.E.2d 1240. Courts are to notice plain error "only to prevent a manifest miscarriage of justice." *State v. Long* (1978), 53 Ohio St.2d 91, 7 O.O.3d 178, 372 N.E.2d 804, paragraph three of the syllabus.
>
> The burden of demonstrating plain error is on the party asserting it. *See, e.g., State v. Jester* (1987), 32 Ohio St.3d 147, 150, 512 N.E.2d 962. A reversal is warranted if the party can prove that the outcome "would have been different absent the error." *State v. Hill* (2001), 92 Ohio St.3d 191, 203, 749 N.E.2d 274.
>
> \*\*\*
>
> Because *Blakely* was announced prior to Payne's plea and sentence..., in failing to make a *Blakely* objection, Payne forfeited the issue for appellate purposes.
>
> \*\*\*

16

> [B]ecause Payne failed to timely assert his rights under *Blakely,* his failure to preserve the objection must be treated as a forfeiture.... "[A] mere forfeiture does not extinguish a claim of plain error under Crim.R. 52(B)." *McKee,* 91 Ohio St.3d at 299, 744 N.E.2d 737, fn. 3 (Cook, J., dissenting).
>
> ***
>
> No plain error occurred. Payne cannot establish that but for the *Blakely* error, he would have received a more lenient sentence. See Crim.R. 52(B). Indeed, *Foster* represents a Pyrrhic victory for Payne and other defendants affected by its holding. Although defendants were successful in arguing the unconstitutionality of the sections of the statutes that required judicial findings for the imposition of higher than minimum sanctions, we did not adopt their proposed remedy of mandatory minimum sentences. Since *Foster,* trial courts no longer must navigate a series of criteria that dictate the sentence and ignore judicial discretion.
>
> Payne, therefore, has failed to establish that he was prejudiced by the judicial fact-finding requirements. If Payne were to be resentenced, nothing in the record would hinder the trial court from considering the same factors it previously had been required to consider and imposing the same sentence or even a more stringent one.
>
> ***
>
> ... *Foster* addressed a situation in which the trial courts had both subject-matter jurisdiction and personal jurisdiction over a defendant. Courts prior to *Foster* had jurisdiction to impose a sentence within the statutory range after conducting the judicial fact-finding previously required by the statute. Our holding portions of R.C. 2929.14 unconstitutional rendered some pre- *Foster* sentences erroneous exercises of trial court jurisdiction. Thus, pre- *Foster* sentences imposed after judicial fact-finding and falling within the statutory range are voidable.
>
> Therefore, defendants with a voidable sentence are entitled to resentencing only upon a successful challenge on direct appeal.

17

> Because Payne forfeited the *Blakely* error, his appeal fails to establish that he should be resentenced pursuant to *Foster.*

*Id.*, at 309-312 (some citations and footnotes omitted).

Under these circumstances, this Court is unable to conclude that the state appellate court's rejection of petitioner's claim of ineffective assistance of appellate counsel for failure to establish prejudice is contrary to or constitutes an unreasonable application of federal law; nor can this Court conclude that the state court based its decision on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. 2254(d). Under these circumstances, federal habeas corpus relief is not warranted.[5]

> Under AEDPA, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams v. Taylor*, 529 U.S. 362, 411, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). Rather, the issue is whether the state court's application of clearly established federal law was "objectively unreasonable." *Id.* at 409, 120 S.Ct. 1495.

*McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004).

Because petitioner's claim two is without merit, petitioner cannot establish cause for his procedural default of claim three.

Beyond the four-part *Maupin* analysis, this Court is required to determine whether this is "an extraordinary case, where a constitutional violation has probably resulted in the

---

[5] In *Puckett v. United States*, – S.Ct. – , 2009 WL 763354 (March 25, 2009), in discussing plain error as applied under Rule 52(b) of the Federal Rules of Civil Procedure, the United States Supreme Court noted, "When the rights acquired by the defendant relate to sentencing, the 'outcome' he must show to have been affected is his sentence."

conviction of one who is actually innocent ...." *Murray v. Carrier,* 477 U.S. at 495. Petitioner has failed to meet this standard here.

For all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**. It is specifically **RECOMMENDED** that claims one and three be **DISMISSED** as procedurally defaulted and that claim two be **DISMISSED** as without merit.

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation* de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

| April 15, 2009 | s/Norah McCann King |
|---|---|
| | Norah M<sup>c</sup>Cann King |
| | United States Magistrate Judge |