IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICO L. DARKS,**

    **Petitioner,**

    v.                                       **CASE NO. 2:08-CV-00043**
                                                   **JUDGE SMITH**
                                                   **MAGISTRATE JUDGE KING**

**TIMOTHY BRUNSMAN, Warden,**

    **Respondent.**

## OPINION AND ORDER

The petition in this habeas corpus action asserts three claims, all relating to petitioner's claim that his sentence unlawfully exceeded the statutory maximum because it was based on judicial fact finding. Claim one alleges ineffective assistance of trial counsel for failure to object to the sentence; claim two alleges ineffective assistance of appellate counsel for failure to raise this "dead bang winner assignment of error," and claim three alleges the denial of due process in connection with the sentence. On April 15, 2009, the Magistrate Judge issued a *Report and Recommendation* recommending that the petition for a writ of habeas corpus be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation that claims one and three be dismissed as procedurally defaulted. Petitioner again contends that he preserved

these claims for federal habeas review by raising the claims in his application to reopen his direct state court appeal pursuant to Ohio Appellate Rule 26(B). This Court agrees that, because claims one and three are claims that would have appeared on the record, they should have been raised on direct appeal. Because they were not, these claims have been waived. Petitioner could not utilize Ohio Appellate Rule 26(B) to remedy this failure because only claims of ineffective assistance of appellate counsel can be properly raised under that rule.

Petitioner also objects to the Magistrate Judge's recommendation that claim two be dismissed; petitioner also presents that claim as the cause for the procedural default of claims one and three. Petitioner argues that the trial court lacked subject matter to impose more than statutory minimum concurrent terms of incarceration, and contends that his appellate attorney's failure to raise this issue on direct appeal worked to petitioner's prejudice. In support of this contention, petitioner refers to *State v. Colon*, 118 Ohio St.3d 26 (2008), in which the Ohio Supreme Court held that the defendant had not waived his challenge to a defective indictment, on the ground that the indictment failed to charge an essential element of the offense, by failing to raise the issue at trial.

The facts presented in *Colon* are inapposite to those presented in this case; *Colon* offers petitioner no relief for his procedural defaults. Further, and for the reasons detailed by the Magistrate Judge, this Court agrees that petitioner has failed to establish that the state appellate court's denial of the merits of petitioner's claim of ineffective assistance of appellate counsel is contrary to or an unreasonable application of federal law, or is based upon an unreasonable determination of the facts such that federal habeas relief is

2

warranted. 28 U.S.C. §2254(d). Because petitioner has failed to establish a denial of effective assistance of appellate counsel, he has likewise failed to establish cause for his procedural defaults of claims one and three. *See Edwards v. Carpenter,* 529 U.S. 446 (2000).

Pursuant to 28 U.S.C. §636(b), this Court has conducted a *de novo* review of the Magistrate Judge's *Report and Recommendation*. For the foregoing reasons and for reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**. The *Report and Recommendation is* **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Clerk shall enter **FINAL JUDGMENT.**

    s/George C. Smith
GEORGE C. SMITH
United States District Judge